UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL C. MINICLIER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4437** |
| **LAFAYETTE INS. CO.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. #5) is **GRANTED** and plaintiff's Motion for Leave to File First Amended Petition (Doc. #13) is **DENIED.**

### BACKGROUND

This is an insurance dispute arising from damage occurring as a result of Hurricane Katrina. During Katrina, plaintiffs' business building at 1305 Dublin St. in New Orleans was damaged. Prior to the storm, defendant Lafayette Insurance issued a policy to plaintiffs for business property and business liability. Plaintiffs filed an insurance claim with Lafayette and Lafayette made payment on the claim. Plaintiffs seek additional proceeds under the policy.

Plaintiffs filed suit in this court against Lafayette, alleging diversity jurisdiction and claiming that Lafayette was a foreign insurer authorized to do business in Louisiana. Lafayette moved to dismiss for lack of jurisdiction, claiming that Lafayette is a Louisiana citizen, and that therefore no diversity jurisdiction exists. Thereafter, plaintiffs moved to amend the complaint to add United Fire and Casualty Company and United Fire Group as defendants, and alleging that these entities are

foreign insurers authorized to do business in Louisiana; plaintiffs argue that the United defendants need to be added because "they use an alter ego to conduct business in Louisiana."

## ANALYSIS

### A. Legal Standard

At all times, the party claiming federal subject matter jurisdiction has the burden of proving it exists.[1]  Federal jurisdiction ordinarily exists over lawsuits that could have been brought in a state court, so long as complete diversity of citizenship and the requisite amount in controversy are present.[2]

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."[3]  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[4]  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists.[5]

Federal Rule of Civil Procedure 15 (a)(2) provides that "a party may amend its pleading only with the opposing party's consent or the court's leave.  The court should freely give leave when justice so requires."

---

[1] *Peoples National Bank v. Office of Comptroller of Currency of U.S.*, 362 F.23d 333, 336 (5th Cir. 2004).

[2] *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001).

[3] *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001).

[4] *Id.*

[5] *Id.*

**B. Motion to Dismiss and Motion to Amend**

Defendant Lafayette asserts that it is a domestic insurer, incorporated in Louisiana with its principal place of business in Louisiana, and that as a result, this court has no jurisdiction under 28 U.S.C. §1332 because no diversity exists between the Louisiana plaintiffs and defendant. In support of its assertion, Lafayette attaches the affidavit of Bruce Holmes, the litigation manager for Lafayette who attests that Lafayette is a domestic insurer, with its principal place of business in Louisiana. Lafayette also provided the Articles of Amendment to Articles of Incorporation for Lafayette Insurance Company which were filed with the Commissioner of Insurance for the State of Louisiana and which state that its place of domicile is Metairie, Louisiana. Lafayette further provided the declaration sheet for the policy at issue which reflects that Lafayette issued the policy to plaintiffs.

Plaintiffs seek to amend their complaint to name United Fire and Casualty Company and United Fire Group, which plaintiffs allege are foreign insurers that control Lafayette. Plaintiffs argue that it is "highly probable" that the United defendants control the claims process for handling claims in Louisiana and assert that Lafayette is an alter ego of, United Fire Group and/or United Fire and Casualty Company, which are Iowa companies. Plaintiffs attach various documents which show a relationship among these entities and Lafayette.

However, "the alter ago doctrine cannot be used to preserve diversity jurisdiction by ignoring the place of incorporation of the subsidiary and treating the subsidiary as if it were only a citizen of the state of incorporation of the dominant corporation."[6] Further, the citizenship of Lafayette has

---

[6]*Panalpina Welttransport GMBH v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985)*(citing Fritz v. American Home Shield Corp.*, 751 F.2d 1152 (5th Cir. 1985)).

3

been determined to be Louisiana in other cases in this court and other courts in this district.[7]

The court finds, from a reading of the complaint supplemented by undisputed facts plus the court's resolution of disputed facts, that plaintiffs have failed to bear their burden of proving that diversity jurisdiction exists.[8] The addition of diverse defendants United Fire Group[9] and/or United Fire and Casualty Company does not supply complete diversity between plaintiffs and all of the defendants because Lafayette is a non-diverse defendant.

The motion to dismiss for lack of jurisdiction is **GRANTED** and the motion for leave to file first amended petition is **DENIED AS MOOT.**

New Orleans, Louisiana, this  16th  day of September, 2008.

*[signature]*

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[7]*E.g., Accardo v. Lafayette Ins. Co.*, 2007 WL 325368 (E.D. La. 2007)(J. Vance)(remanding and finding that Lafayette was not diverse from Louisiana plaintiff)*; LA Louisiane Bakery, Inc. v. Lafayette Ins. Co.*, 2007 WL 146126 (E.D. La. 2007)(J. Berrigan)(remanding and finding basis for Lafayette's removal, the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA) did not apply, and consequently, no diversity existed between Louisiana plaintiff and Lafayette, a Louisiana company); *MINH TRA, LLC v. Lafayette Ins. Co.*, 2007 WL 148645 (E.D. La. 2007)(same result); *Marketfare Annunciation, LLC v. United Fire and Cas. Co.*, 2006 WL 3759565 (E.D. La. 2006) (J. Barbier)(finding that because United Fire and Cas., a foreign insurer, issued the policy at issue and not defendant Lafayette, a Louisiana insurer, Lafayette was improperly joined); *Roberson Advertising Service., LLC v. Lafayette Ins. Co.*, 2006 WL 3904992 (E.D. La. 2006)(J. Lemmon)(remanding, finding the MMMTJA did not apply, and therefore, no jurisdiction existed for dispute between Louisiana insured plaintiff and Louisiana insurer defendant Lafayette); *Maestri v. Lafayette Ins. Co.*, 2006 WL 2990120 (E.D. La. 2006)(J. McNamara)(finding MMTJA did not apply and that no jursidiction over Louisiana plaintiff and two non-diverse defendants, including Lafayette); *Fradella's Collision v. Lafayette Ins. Co.*, 2006 WL 3258332 (E.D. La. 2006)(J. Zainey)(remanding and finding basis for Lafayette's removal, the MMTJA did not apply, and consequently, no diversity existed between Louisiana plaintiff and Lafayette, a Louisiana company).

[8]*See Ramming,* 281 F.3d at 161.

[9]Defendant urges that neither United Fire Group nor United Fire and Casualty Company issued the underlying policy and that United Fire Group is no more than a trade group name incapable of being sued.